UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAURA HAAVE,

           Plaintiff,

    v.

ANDREW SAUL, Commissioner of Social Security,[1]

           Defendant.

No. 2:18-cv-1224 DB

ORDER

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[2] Plaintiff argues that the ALJ's treatment of the medical opinion evidence constituted error. For the reasons explained below, plaintiff's motion is granted, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings.

---

[1] Andrew Saul became the Commissioner of the Social Security Administration on June 17, 2019. See https://www.ssa.gov/agency/commissioner.html (last visited by the court on July 30, 2019). Accordingly, Andrew Saul is substituted in as the defendant in this action. See 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

[2] Both parties have previously consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c). (See ECF Nos. 8 & 9.)

# PROCEDURAL BACKGROUND

On February 22, 2016, plaintiff filed an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act") alleging disability beginning on January 1, 2014.[3] (Transcript ("Tr.") at 23, 261-76.) Plaintiff's alleged impairments included COPD and depression. (Id. at 264.) Plaintiff's application was denied initially, (id. at 159-63), and upon reconsideration. (Id. at 171-77.)

Thereafter, plaintiff requested a hearing which was held before an Administrative Law Judge ("ALJ") on November 9, 2017. (Id. at 42-87.) Plaintiff was represented by an attorney and testified at the administrative hearing. (Id. at 42-45.) In a decision issued on January 12, 2018, the ALJ found that plaintiff was not disabled. (Id. at 35.) The ALJ entered the following findings:

> 1. The claimant has not engaged in substantial gainful activity since February 1, 2017, the amended alleged onset date (20 CFR 416.971 *et seq.*).
>
> 2. The claimant has the following severe impairments: asthma, chronic obstructive pulmonary disease (COPD), depression (20 CFR 416.920(c)).
>
> 3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
>
> 4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform less than light work as light work is defined in 20 CFR 416.967(b). She can lift, carry, push, and pull occasionally 20 pounds and frequently 10 pounds. She can sit for 6 hours in an 8-hour workday. She can stand and walk for 6 hours of an 8-hour workday. She cannot climb ropes, ladders or scaffolds. She can occasionally crawl and stoop. She can perform frequent gross and fine manipulation. She is able to understand and carry out simple job instructions. She is able to occasionally understand and carry out detailed job instructions. She is capable of frequently adjusting to simple changes in the work place. She is able to make workplace judgments. She has no other limitations.
>
> 5. The claimant has no past relevant work (20 CFR 416.965).

////

---

[3] Plaintiff later amended the onset date to February 1, 2017. (Tr. at 48.)

6.  The claimant was born [in] 1967 and was an individual closely approaching advanced age, as of the amended onset date (20 CFR 416.963).

7.  The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

8.  Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

9.  Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

10.  The claimant has not been under a disability, as defined in the Social Security Act, since February 22, 2016, the date the application was filed (20 CFR 416.920(g)).

(Id. at 26-35.)

On March 14, 2018, the Appeals Council denied plaintiff's request for review of the ALJ's January 12, 2018 decision.[4]  (Id. at 1-3.)  Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on May 14, 2018.  (ECF No. 1.)

**LEGAL STANDARD**

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error."  Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'"  Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)).  If, however, "the record considered as a whole can reasonably support either affirming or

////

---

[4]  The Appeals Council later set aside this denial and again denied review on June 7, 2018.  (Tr. at 1-5.)

3

reversing the Commissioner's decision, we must affirm." <u>McCartey v. Massanari</u>, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; <u>see also</u> <u>Parra v. Astrue</u>, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

<u>Lester v. Chater</u>, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. <u>Bowen v. Yuckert</u>, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. <u>Id.</u>; <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

Plaintiff's pending motion asserts that the ALJ's treatment of the medical opinion evidence constituted error. (Pl.'s MSJ (ECF No. 17) at 6-10.[5]) The weight to be given to medical opinions in Social Security disability cases depends in part on whether the opinions are proffered by treating, examining, or nonexamining health professionals. <u>Lester</u>, 81 F.3d at 830; <u>Fair v. Bowen</u>, 885 F.2d 597, 604 (9th Cir. 1989). "As a general rule, more weight should be given to

---

[5] Page number citations such as this one, are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

the opinion of a treating source than to the opinion of doctors who do not treat the claimant . . . ." Lester, 81 F.3d at 830. This is so because a treating doctor is employed to cure and has a greater opportunity to know and observe the patient as an individual. Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990).

The uncontradicted opinion of a treating or examining physician may be rejected only for clear and convincing reasons, while the opinion of a treating or examining physician that is controverted by another doctor may be rejected only for specific and legitimate reasons supported by substantial evidence in the record. Lester, 81 F.3d at 830-31. "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." (Id. at 831.) Finally, although a treating physician's opinion is generally entitled to significant weight, "'[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.'" Chaudhry v. Astrue, 688 F.3d 661, 671 (9th Cir. 2012) (quoting Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009)).

Here, plaintiff challenges the ALJ's treatment of the opinion offered by plaintiff's treating physician, Dr. Kenneth Low. (Pl.'s MSJ (ECF No. 17) at 6-11.) The ALJ's decision acknowledged Dr. Low's opinion, stating:

> On August 22, 2017, Dr. Kenneth Low, reported that the claimant had chronic medical conditions that made her unable to work. She had limited exercise tolerance and could not stand or walk for prolonged periods. She was being treated to improve her cardiac function and endurance. The doctor assessed her as able to perform less than sedentary exertion. She could lift less than 10 pounds. She could sit for 1 hour of an 8-hour workday. She could not stand or walk during an 8-hour workday. He (sic) would be absent from work more than 4 times a month.

(Tr. at 32.)

The ALJ afforded Dr. Low's opinion "some evidentiary weight," asserting:

> His assessment is extreme, and the record does not support his contention that she will miss 4 days of work per month. Nor does the record support his opinion that she cannot stand or walk during an 8-hour workday. Additionally, the doctor did not discuss her polysubstance abuse and its effect upon her impairments. Contrary

5

to his assessments of absenteeism, in April of 2017, Dr. Stotler-Turner assessed her as only mildly impaired with maintaining regular attendance in the workplace, due to her mood (depression and anxiety) symptoms. The overall medical evidence does not support absenteeism due to her physical impairments either.

(Id. at 33.)

This is the ALJ's entire discussion of Dr. Low's opinion. The ALJ does not articulate how the record fails to support Dr. Low's opinion, or even cite to any evidence in support of that assertion, except for the discussion of Dr. Stotler-Turner's opinion. Dr. Stotler-Turner, however, was an examining psychologist who conducted a "comprehensive psychiatric evaluation." (Tr. at 31, 1537.) The ALJ does not explain why the opinion of an examining psychologist should be given greater weight than the opinion of a treating physician. This failure is especially problematic here, as Dr. Low's treating opinion appears to be based on plaintiff's "chronic congestive heart failure," a physical impairment. (Id. at 1651.)

> To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim. The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.

Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988); see also Tackett v. Apfel, 180 F.3d 1094, 1102 (9th Cir. 1999) ("The ALJ must set out in the record his reasoning and the evidentiary support for his interpretation of the medical evidence."); McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989) ("Broad and vague" reasons for rejecting the treating physician's opinion do not suffice).

And when an ALJ elects to afford the opinion of a treating physician less than controlling weight, the opinion must be "weighted according to factors such as the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability, consistency with the record, and specialization of the physician." Trevizo v. Berryhill, 871 F.3d 664, 675 (9th Cir. 2017) (citing 20 C.F.R. § 404.1527(c)(2)-(6)). The ALJ's failure to discuss these factors "alone constitutes reversible legal error." (Id. at 676.)

////

It is true that Dr. Low's opinion did not discuss plaintiff's history of polysubstance abuse. However, it is clear from the record that Dr. Low was aware of plaintiff's history of polysubstance prior to rendering the opinion. (Id. at 1633.) If the ALJ had further questions about the impact of plaintiff's history of polysubstance abuse on Dr. Low's opinion, the ALJ should have sought further evidence to answer such questions. See generally Brueggemann v. Barnhart, 348 F.3d 689, 695 (8th Cir. 2003) ("We have previously noted that when the claimant is actively abusing alcohol or drugs, this determination will necessarily be hypothetical and therefore more difficult than the same task when the claimant has stopped. Even though the task is difficult, the ALJ must develop a full and fair record and support his conclusion with substantial evidence on this point just as he would on any other."); Tagger v. Astrue, 536 F.Supp.2d 1170, 1181 (C.D. Cal. 2008) ("At the very least, on remand, the ALJ should solicit opinions from plaintiff's treating physicians and/or have a medical expert testify about what limitations, if any, plaintiff would continue to experience if his substance abuse ceased.").

Accordingly, for the reasons stated above, the court finds that the ALJ failed to offer a specific and legitimate, let alone clear and convincing, reason for rejecting Dr. Low's opinion. Plaintiff is, therefore, entitled to summary judgment on the claim that the ALJ's treatment of the medical opinion evidence constituted error.

## CONCLUSION

After having found error, "'[t]he decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" Trevizo, 871 F.3d at 682 (quoting Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987)). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014).

////

7

Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, given the lone error identified by plaintiff the court cannot say that further administrative proceedings would serve no useful purpose. This matter will, therefore, be remanded for further proceedings.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 17) is granted;

2. Defendant's cross-motion for summary judgment (ECF No. 20) is denied;

3. The Commissioner's decision is reversed;

4. This matter is remanded for further proceedings consistent with the order; and

5. The Clerk of the Court shall enter judgment for plaintiff, and close this case.

Dated: August 30, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\haave1224.ord

8